FILED Received for Filing Oakland County Clerk 10/8/2026 4:04 PM

STATE OF MICHIGAN

IN THE OAKLAND COUNTY CIRCUIT COURT

THERESA THIMM,

Plaintiff,

v

FREEDOM MORTGAGE CORPORATION,

Defendant.

Case No. 26- -CK

Hon.

2026-226587-CK
JUDGE NANCI J. GRANT

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

SOBLE PLC
David Soble (P49662)
George T. Blackmore (P76942)
31800 Northwestern Hwy, Ste 350
Farmington Hills, MI 48334
(888) 789-1715
dsoble@provenresource.com
gblackmore@provenresource.com
Counsel for Plaintiff

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this complaint.

**VERIFIED COMPLAINT**

Plaintiff THERESA THIMM, through undersigned counsel, submits the following as her Verified Complaint:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Theresa Thimm ("Plaintiff") is an individual residing in Oakland County, Michigan, and is the owner of the real property commonly known as 229 S. Edgeworth Avenue, Royal Oak, Michigan 48067.

2. Defendant Freedom Mortgage Corporation ("Defendant") is a corporation authorized to conduct business in the State of Michigan, with its principal place of business located at P.O. Box 50485, Indianapolis, Indiana 46250.

3. At all times relevant to this action, Freedom Mortgage acted as the servicer of Plaintiff's mortgage loan secured by the Property.

4. The real property that is the subject of this action is commonly known as 229 S. Edgeworth Avenue, Royal Oak, Michigan 48067 ("Property").

5. This Court has subject matter jurisdiction pursuant to MCL 600.605 because Plaintiff seeks both legal and equitable relief.

6. The amount in controversy exceeds Twenty-Five Thousand Dollars ($25,000.00), exclusive of interest, costs, and attorney fees.

7. Venue in Oakland County is proper because the real property that was the subject of the mortgage foreclosure is located in Oakland County, Michigan.

## GENERAL ALLEGATIONS

### A. The Mortgage Loan

8. Plaintiff obtained a mortgage loan secured by the Property on or about June 26, 2017.

9. The original principal balance of the loan was approximately $234,175.00.

10. The loan was secured by a mortgage encumbering the Property.

11. The loan bears a fixed interest rate of approximately 4.25% and matures in July 2047.

12. At all times relevant to this action, Freedom Mortgage serviced Plaintiff's mortgage loan.

13. Before the May 26, 2026 sale, Freedom Mortgage's records reflected the loan as active and in foreclosure.

14. Before the sale, Freedom Mortgage's records reflected a principal balance of approximately $208,776.66, a negative escrow balance of -$25,926.58, and a deferred principal balance of $20,822.32 reflecting unresolved COVID-19 forbearance issues.

15. Since the sale, Freedom Mortgage's online portal reflects the account as "paid off," with no balances and no accounting of the sale, the sale proceeds, or any fees or costs charged to the account.

**B. COVID-19 Forbearance and Account Disputes**

16. Plaintiff entered into a COVID-19 forbearance program concerning the mortgage loan during or about 2023.

17. Upon information and belief, Plaintiff was advised that the COVID-19 forbearance balance would be deferred and addressed at the maturity of the loan.

18. Following the conclusion of the COVID-19 forbearance period, Plaintiff repeatedly disputed the manner in which Freedom Mortgage calculated the balance due on the loan.

19. Beginning in or about 2024 and continuing through 2026, Plaintiff repeatedly advised Freedom Mortgage that proposed loan modification terms failed to properly account for the COVID-19 forbearance balance.

20. During that same period, Plaintiff sought clarification and correction of the loan balance before tendering substantial funds toward reinstatement of the loan.

21. As a result of the discrepancies in Defendant's accounting and loan modification proposals, Plaintiff reasonably believed that the balance asserted by Freedom Mortgage was inaccurate.

22. During this period, Defendant furnished information concerning Plaintiff's mortgage loan and payment history to consumer reporting agencies.

23. Upon information and belief, Defendant's reporting failed to accurately reflect the disputed status of Plaintiff's account, including the disputed loan balance and unresolved COVID-19 forbearance amounts.

24. As a result, Defendant's reporting created a misleading representation of Plaintiff's mortgage account and payment history and negatively affected Plaintiff's credit and ability to obtain financing.

25. Plaintiff repeatedly requested that Defendant remove the private mortgage insurance ("PMI") from her mortgage loan after the loan-to-value ratio satisfied the requirements for removal.

26. Defendant failed to remove the PMI and continued assessing PMI charges despite Plaintiff's requests.

27. During Plaintiff's COVID-19 forbearance, Defendant advised Plaintiff that the PMI could not be removed while the loan remained in forbearance and represented that it would be removed once the account returned to good standing.

28. On September 12, 2025, Plaintiff submitted a Qualified Written Request and Notice of Error identifying, among other issues, Defendant's failure to remove the PMI. Defendant acknowledged receipt but failed to correct the servicing errors identified.

29. Plaintiff subsequently filed a complaint with the Consumer Financial Protection Bureau regarding Defendant's servicing practices. Plaintiff contends Defendant's response contained inaccurate information and failed to address the servicing errors.

30. Upon information and belief, Defendant continued assessing or reflecting PMI-related charges even after the account reflected a "paid off" status, further evidencing inaccuracies in Defendant's loan servicing and accounting.

**C. Repeated Foreclosure Sales**

31. Freedom Mortgage repeatedly scheduled foreclosure sales concerning the Property between July 2024 and May 2026 while Plaintiff was actively pursuing loss mitigation assistance. The scheduled sale dates included July 11, 2024, October 7, 2025, November 18, 2025, December 9, 2025, March 17, 2026, April 28, 2026, and May 26, 2026.

32. Plaintiff was actively pursuing loss mitigation assistance during each scheduled foreclosure sale.

33. Each foreclosure sale listing on Auction.com generated harassing contact from third-party investors contacting Plaintiff at all hours including phone calls, text messages, and strangers walking around her property. This recurring harassment has caused Plaintiff ongoing emotional distress throughout this period.

34. Plaintiff filed Chapter 13 bankruptcy proceedings on three separate occasions in an effort to prevent foreclosure of the Property. Those proceedings resulted in substantial financial expense, credit damage, and emotional distress.

**D. Freedom Mortgage's Pattern of Withholding Notice**

35. The conduct giving rise to this action predates the May 26, 2026 foreclosure sale and occurred while Plaintiff was actively pursuing loss mitigation assistance through Freedom Mortgage.

36. A package mailed by Freedom was located at neighboring property and was later provided to Plaintiff by her neighbor in late February 2026.

37. Upon learning of the existence of the loan modification package, Plaintiff retained Soble PLC to assist her in pursuing loss mitigation options and preventing foreclosure.

38. Beginning on February 26, 2026, representatives of Soble PLC contacted Freedom Mortgage and its foreclosure counsel, Trott Law, seeking information regarding Plaintiff's account status and requesting that a replacement modification package be provided.

39. During this period, Soble PLC repeatedly attempted to obtain information concerning Plaintiff's eligibility for loss mitigation and the status of any pending foreclosure proceedings.

40. Freedom Mortgage repeatedly advised that Plaintiff's third-party authorization remained under review despite the authorization having been submitted on multiple occasions.

41. On March 16, 2026, one day before a scheduled foreclosure sale, representatives of Soble PLC contacted Trott Law to determine the status of the foreclosure proceedings.

42. A representative of Trott Law advised that no foreclosure sale was scheduled and further stated that she could not locate the Property within the foreclosure system.

43. Later that same day, Freedom Mortgage advised that a foreclosure sale was scheduled for March 17, 2026 and provided a reinstatement figure of approximately $77,937.00.

44. On March 16, 2026, David Soble transmitted correspondence to Trott Law requesting an immediate adjournment of the March 17, 2026 foreclosure sale.

45. The correspondence advised that Plaintiff was actively attempting to obtain loss mitigation assistance and expressed concerns regarding the continuation of foreclosure proceedings while those efforts remained ongoing.

46. Following that correspondence, the March 17, 2026 foreclosure sale was adjourned.

47. Notwithstanding the adjournment, Freedom Mortgage did not resolve Plaintiff's loss mitigation request. Instead, Plaintiff was required to continue submitting documentation and communicating with Freedom Mortgage concerning available foreclosure alternatives.

48. Plaintiff continued cooperating with Freedom Mortgage and continued pursuing loss mitigation assistance in an effort to avoid foreclosure and retain ownership of her home.

**E. Representations That the Foreclosure Was Placed on Hold**

49. On or about March 27, 2026, Freedom Mortgage confirmed receipt of Plaintiff's third-party authorization and advised that Plaintiff was required to complete a Hardship Assistance Interview as part of the loss mitigation process.

50. On April 2, 2026, representatives of Soble PLC communicated with Freedom Mortgage regarding Plaintiff's loss mitigation application and foreclosure status.

51. Freedom Mortgage advised that a foreclosure sale was scheduled for April 28, 2026 and that Plaintiff was required to complete a loss mitigation application.

52. The Plaintiff thereafter continued providing information and documentation requested by Freedom Mortgage.

53. On April 13, 2026, Freedom Mortgage advised that Plaintiff's loss mitigation application was complete and that the foreclosure sale had been placed on hold until the application was reviewed.

54. On April 22, 2026, Freedom Mortgage again confirmed that the foreclosure proceedings had been placed on hold.

55. Freedom Mortgage further advised that a decision regarding Plaintiff's application would be made by May 10, 2026.

56. On April 29, 2026, representatives of Soble PLC again communicated with Freedom Mortgage regarding Plaintiff's application. During that communication, Freedom Mortgage advised that additional financial information was required to continue the review process.

57. On or about May 7, 2026, Freedom Mortgage requested additional documents from Plaintiff, which Plaintiff submitted on May 13, 2026. (**Exhibit A- May 13, 2026 Correspondence)**

58. At no time during that communication did Freedom Mortgage disclose that the foreclosure hold had been removed or that a new foreclosure sale date had been scheduled.

59. Plaintiff continued pursuing loss mitigation assistance and providing requested documentation in reliance upon Freedom Mortgage's representations that her application remained under review and that foreclosure proceedings had been placed on hold.

**F. Freedom Mortgage Reactivates Foreclosure While Plaintiff Continues Loss Mitigation**

60. Despite its prior representations that foreclosure proceedings had been placed on hold, Freedom Mortgage subsequently scheduled a foreclosure sale for May 26, 2026.

61. Freedom Mortgage did not advise Plaintiff that the foreclosure hold had been removed.

62. On May 13, 2026, Plaintiff submitted her loss mitigation application again and the requested supporting documentation to Defendant, including the Borrower Financial Worksheet.

63. On May 14, 2026, representatives of Soble PLC contacted Freedom Mortgage to verify receipt of Plaintiff's submission and Freedom Mortgage confirmed that Plaintiff's application had been received and uploaded into its system for review.

64. On or about May 19, 2026, Freedom Mortgage issued correspondence advising Plaintiff that it had closed its review of Plaintiff's loss mitigation application due to allegedly missing documentation; however this was not received until after the foreclosure sale via USPS mail. (**Exhibit B- May 19, 2026 Correspondence)**

65. Furthermore, Plaintiff was not notified of the May 19 correspondence through the mobile app.

66. Plaintiff continued pursuing loss mitigation assistance and was not advised that a foreclosure sale would proceed on May 26, 2026.

**G. The May 26, 2026 Foreclosure Sale**

67. During the week preceding May 26, 2026, representatives of Soble PLC continued communicating with Freedom Mortgage regarding Plaintiff's loss mitigation efforts.

68. Freedom Mortgage would not provide certain account information to Plaintiff's representatives and continued to maintain that Plaintiff's application was under review.

69. On May 26, 2026, the Property was sold at foreclosure sale.

70. Neither Freedom Mortgage nor Trott Law notified Plaintiff before the sale that the sale would proceed on May 26, 2026 after Freedom Mortgage closed its review of her application.

71. Plaintiff learned that her home had been sold only after the foreclosure sale had already taken place.

72. Plaintiff subsequently advised representatives of Soble PLC that she had been informed by a third party that her home had been sold at auction.

73. Plaintiff suffered damages as a direct and proximate result of Defendant's conduct, including but not limited to loss of property rights, emotional distress, damage to her credit, bankruptcy-related expenses, attorney fees, and other consequential damages.

**H. Defective Foreclosure Notice and Publication**

74. Defendant published a Notice of Foreclosure by Advertisement dated June 11, 2024, which scheduled a foreclosure sale for July 9, 2024.

75. The June 11, 2024 notice stated that the amount claimed due was $247,746.26.

76. Defendant later published a separate Notice of Foreclosure by Advertisement dated September 9, 2025, which scheduled a foreclosure sale for October 7, 2025.

77. The September 9, 2025 notice stated that the amount claimed due was $282,472.00.

78. Neither the June 11, 2024 notice nor the September 9, 2025 notice identified a foreclosure sale date of November 18, 2025, December 9, 2025, March 17, 2026, April 28, 2026, or May 26, 2026.

79. Upon information and belief, Defendant did not publish a new Notice of Foreclosure by Advertisement scheduling a foreclosure sale for May 26, 2026.

80. Upon information and belief, Defendant did not publish the notices of adjournment required by MCL 600.3220 to carry a previously noticed sale forward to May 26, 2026.

81. Defendant nevertheless caused the Property to be sold at a sheriff's sale on May 26, 2026.

82. Defendant's failure to provide the notice and publication required by Michigan's foreclosure-by-advertisement statutes deprived Plaintiff and the public of notice of the May 26, 2026 sale.

**COUNT I – WRONGFUL FORECLOSURE**

83. Plaintiff incorporates the preceding allegations as if fully restated herein.

84. Foreclosure by advertisement in Michigan is purely statutory and may proceed only when the statutory requirements for foreclosure have been satisfied, including the existence of a default in a condition of the mortgage.

85. Defendant could not lawfully foreclose based upon an alleged default to the extent the amount asserted as due included amounts that were inaccurately calculated, improperly assessed, or not authorized by the Note and Mortgage.

86. Plaintiff repeatedly disputed Defendant's calculation of the amount due, including Defendant's treatment of the COVID-19 forbearance balance, deferred principal balance, escrow balance, foreclosure-related charges, and other amounts assessed to Plaintiff's account.

87. Plaintiff sought clarification and correction of the asserted loan balance before tendering substantial funds toward reinstatement of the mortgage loan.

88. Defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void ab initio. *Kim v JPMorgan Chase Bank, NA,* 493 Mich 98, 115; 825 NW2d 329 (2012).

89. A foreclosure sale conducted without compliance with Michigan's foreclosure-by-advertisement statutes is voidable and may be set aside where the mortgagor shows she would have been in a better position to preserve her interest in the property absent the noncompliance.

90. Defendant nevertheless proceeded with foreclosure while the amount claimed to be due remained disputed, after representing that Plaintiff's application was complete and under review, and without notifying Plaintiff before the sale that it had closed its review.

91. Defendant's use of an inaccurate or improperly calculated payoff, reinstatement figure, acceleration balance, or claimed default materially impaired Plaintiff's ability to cure the alleged default, reinstate the mortgage loan, redeem the Property, or otherwise protect her ownership interest.

92. Defendant further represented that foreclosure proceedings had been placed on hold while Plaintiff's loss mitigation application was under review.

93. Defendant did not disclose that the foreclosure hold had been removed or that the loss mitigation application review was closed.

94. Defendant continued accepting and reviewing Plaintiff's loss mitigation documentation while maintaining the May 26, 2026 foreclosure sale date.

95. Defendant's conduct constituted irregularity in the foreclosure process.

96. As a direct result of Defendant's conduct, Plaintiff was deprived of the opportunity to seek immediate judicial relief, cure the asserted default, reinstate the mortgage loan, or otherwise protect her interest in the Property before the sheriff's sale.

97. Had Defendant accurately stated the amount due and timely disclosed that foreclosure proceedings had resumed, Plaintiff would have sought immediate relief to stop the sale and preserve her interest in the Property.

98. Plaintiff was prejudiced by Defendant's conduct and was placed in a worse position to preserve her interest in the Property.

99. The May 26, 2026 foreclosure sale is voidable and should be set aside.

WHEREFORE, Plaintiff requests that the Court declare the May 26, 2026 foreclosure sale voidable, set aside the sale and any sheriff's deed issued as a result of the sale, restore Plaintiff's interest in the Property, award damages, costs, and attorney fees where permitted by law, and grant such other relief as is just and equitable.

**COUNT II – PROMISSORY ESTOPPEL**

100. Plaintiff incorporates by reference all preceding paragraphs as though fully restated herein.

101. Defendant represented that Plaintiff's loss mitigation application was under review.

102. Defendant represented that foreclosure proceedings had been placed on hold pending review of Plaintiff's application.

103. Defendant further advised Plaintiff that a decision regarding her application would be made on or before May 10, 2026.

104. Defendant reasonably expected Plaintiff to rely upon these representations.

105. Plaintiff did rely upon these representations.

106. In reliance upon Defendant's representations, Plaintiff continued submitting documentation, continued participating in the loss mitigation process, and refrained from pursuing immediate judicial intervention.

107. Defendant subsequently proceeded with foreclosure activity inconsistent with its prior representations.

108. Enforcement of Defendant's representations is necessary to avoid injustice.

WHEREFORE, Plaintiff requests such equitable relief as this Court deems just and proper.

## COUNT III – DECLARATORY JUDGMENT

109. Plaintiff incorporates by reference all preceding paragraphs as though fully restated herein.

110. An actual controversy exists between the parties concerning the validity of the May 26, 2026 foreclosure sale.

111. Plaintiff contends that the foreclosure sale is voidable and should be set aside.

112. Defendant contends, or is expected to contend, that the foreclosure sale was valid.

113. A judicial declaration is necessary to determine the parties' respective rights and interests concerning the Property.

WHEREFORE, Plaintiff requests a declaration that the May 26, 2026 foreclosure sale is voidable, together with such additional relief as the Court deems just and proper.

## COUNT IV – INJUNCTIVE RELIEF

114. Plaintiff incorporates by reference all preceding paragraphs as though fully restated herein.

115. Plaintiff has suffered and will continue to suffer immediate and irreparable harm absent injunctive relief.

116. Monetary damages alone are inadequate to compensate Plaintiff for the loss of her interest in the Property.

117. Serious questions exist concerning the validity of the May 26, 2026 foreclosure sale.

118. The balance of equities favors preserving the status quo pending final resolution of this action.

119. The public interest favors ensuring compliance with Michigan foreclosure law and applicable mortgage servicing requirements.

WHEREFORE, Plaintiff requests preliminary and permanent injunctive relief, including any relief necessary to preserve the status quo pending final resolution of this action, together with such further relief as the Court deems just and proper.

## COUNT V – ACCOUNTING

120. Plaintiff incorporates all preceding paragraphs as though fully restated herein.

121. A genuine dispute exists concerning the amounts claimed to be due on Plaintiff's mortgage loan.

122. Defendant's records reflect a principal balance, deferred principal balance, escrow deficiency, foreclosure-related charges, advances, fees, and other amounts assessed against Plaintiff's account.

123. Plaintiff has repeatedly questioned the accuracy of the amounts claimed by Defendant.

124. Plaintiff further disputes Defendant's treatment of her COVID-19 forbearance balance, bankruptcy-related payments, and loan modification calculations.

125. The true amount owed cannot be determined without a complete accounting from Defendant.

126. Equity requires that Defendant provide a full accounting of all payments received, escrow transactions, advances, fees, costs, foreclosure-related charges, deferred principal balances, and all other amounts assessed against Plaintiff's account.

WHEREFORE, Plaintiff requests an accounting and such additional relief as the Court deems just and proper.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Theresa Thimm respectfully requests that this Honorable Court enter judgment in her favor and against Defendant Freedom Mortgage Corporation and grant the following relief:

A. Award actual damages in an amount to be determined at trial;

B. Award Plaintiff her reasonable attorney fees, costs, expenses, and litigation fees as permitted by law;

C. Declare that the May 26, 2026 foreclosure sale is voidable;

D. Enter an Order setting aside the May 26, 2026 foreclosure sale and any Sheriff's Deed issued as a result thereof;

E. Enter preliminary and permanent injunctive relief preserving the status quo pending resolution of this action;

F. Toll, extend, or otherwise equitably modify any applicable redemption period to the extent necessary to protect Plaintiff's rights;

G. Order Defendant to provide a complete accounting of all payments received, escrow transactions, advances, fees, costs, deferred principal balances, foreclosure-related charges, and all other amounts assessed against Plaintiff's mortgage account;

H. Award compensatory damages for Defendant's conduct as proven at trial;

I. Award pre-judgment and post-judgment interest as allowed by law;

J. Grant such further legal, equitable, and declaratory relief as this Court deems just, proper, and necessary under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully Submitted,
SOBLE PLC

/s/David Soble
By: David Soble (P49662)
*Counsel for Plaintiff*

Dated: September 28, 2026

# VERIFICATION OF PLAINTIFF

The undersigned declare under penalty of perjury that the facts stated in the above-referenced complaint are true to the best of their knowledge, information, and belief.

Dated: 10/6/2026

Theresa Thimm

Theresa Thimm

# Exhibit A

# Borrower Financial Statement

If you are having mortgage payment challenges, please complete and submit this application, along with the required documentation, to Freedom Mortgage by any of the below methods: MAY 13TH

**Fax:** (866) 505-0949
**Email:** LossMitigation@FreedomMortgage.com

**Overnight Mail:**
Freedom Mortgage
10500 Kincaid Drive, Suite 111
Fishers, IN 46037-9764

**Regular Mail:**
Freedom Mortgage
P.O. Box 50485
Indianapolis, IN 46250-0485

We will contact you within five business days to acknowledge receipt and let you know if you need to send additional information or documents.

We will use the information you provide to help us identify the assistance you may be eligible to receive. If you need help completing this application, please contact us at (855) 690-5900. Customer Care representatives are available to assist you Monday through Friday from 8:00am – 8:00pm and Saturday from 9:00am – 2:00pm Eastern Time. For a list of HUD-approved housing counseling agencies that can provide foreclosure prevention information, contact one of the following federal government agencies:

- The U.S. Department of Housing and Urban Development (HUD) at (800) 569-4287 or www.hud.gov/counseling
- The Consumer Financial Protection Bureau (CFPB) at (855) 411-2372 or www.consumerfinance.gov/mortgagehelp

If you need assistance with translation or other language assistance, HUD-approved housing counseling agencies may be able to assist you. These services are provided without charge.

Freedom Loan Number: Ø1Ø1947729

## Borrower Information [1]

| Borrower [1a] | Co-Borrower |
|---|---|
| Borrower's Name: THERESA THIMM | Co Borrower's Name: |
| Social Security Number: 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 / Date of Birth: 08/19/1975 | Social Security Number: / Date of Birth: |
| Home Phone # with Area Code: 248 320-8694 | Home Phone # with Area Code: |
| Cell Phone # with Area Code: 248-320-8694 | Cell Phone # with Area Code: |
| Email Address: THERESATHIMM@outlook.com | Email Address: |
| Preferred contact method (choose all that apply)<br>☒ Cell Phone ☐ Home Phone ☐ Email<br>☒ Text – Checking this box indicates your consent for text | Preferred contact method (choose all that apply)<br>☐ Cell Phone ☐ Home Phone ☐ Email<br>☐ Text – Checking this box indicates your consent for text |
| ☒ Same as property address (if checked leave blank)<br>Mailing Address:____<br>City:____ State:____ Zip:____ | ☐ Same as property address (if checked leave blank)<br>Mailing Address:____<br>City:____ State:____ Zip:____ |

Household Composition: # of Adults 1 # of Children Ø

## Property Information [2]

| | |
|---|---|
| **I/We currently (check one):** | ☒ Reside in this property ☐ Property is vacant<br>☐ Reside in a property other than this property |
| **The property is currently (check one):** | ☒ Primary Residence ☐ A Second Home ☐ An Investment Property |
| **I/We intend to (check one):** | ☒ Retain the Property ☐ Sell the Property ☐ Undecided<br>☐ Transfer ownership of the property to my servicer |



Updated 7/2020

| Any Other Liens (solar liens, mortgage liens, mechanics lien, tax liens, etc.) [2a] | | | | |
|---|---|---|---|---|
| **Lien Holder's Name** | **Balance** | **Interest Rate** | **Loan Number** | **Lien Holder's Phone Number** |
| | | | | |
| | | | | |
| | | | | |

**Property Listing [2b]**

| | |
|---|---|
| Property listed for sale: ☐ Yes ☒ No | Offer pending on property? ☐ Yes ☐ No<br>Offer pending less than the total amount owed? ☐ Yes ☐ No |
| **If Yes:** | **If Offer Received:** |
| Date Property Listed: | Date of Offer: |
| Asking Price: | Amount of Offer: |
| Listing Agent's Name: | Listing Agent's Number: |

## Active Duty Information [3]

Is any borrower an active duty service member? ☐ Yes ☒ No

Has any borrower been deployed away from his/her primary residence or received a Permanent Change of Station order?

☐ Yes ☒ No

Is any borrower the surviving spouse of or a dependent of a deceased service member who was on active duty at the time of death?

☐ Yes ☒ No

**End of Active Obligated Service (EAOS)/End of Term of Service (ETS) Information**

| | |
|---|---|
| End of Active Obligated Service (EAOS)/End of Term of Service (ETS) Date: | |

If the your EAOS/ETS is less than 12 months from the date of this application, you:

☐ Intend to reenlist/extend ☐ Have already reenlisted ☐ Intend to retire from military service

☐ Have an offer for employment, upon release from active service

## Credit Information [4]

**Credit Counseling Agency [4a]**

Contacted Credit Counseling Agency? ☐ Yes ☒ No

| | |
|---|---|
| Agency Name: | Phone Number: |
| Counselor's Name: | Email Address: |

**Bankruptcy Information [4b]**

Filed Bankruptcy? ☒ Yes ☐ No

Chapter Filed ☐ 7 ☐ 11 ☐ 12 ☒ 13 THREE TIMES TO STOP AUCTION

| | |
|---|---|
| Date Filed: JULY 2024, NOV 17, DEC 8, 2025 | Status: ☐ Active ☐ Discharged ☒ Dismissed ☐ Reaffirmed |
| BK Attorney Name: SCOTT KWIATKOWSKI, SELF, Gudeman ASSOC | BK Case #:<br>24-46542-MAR<br>25-52456-MAR<br>25-51682-MAR |
| BK Attorney Number: | |



Updated 7/2020

## Asset Information [5]

| Borrower | | Co-Borrower | |
|---|---|---|---|
| Checking Account | $ — | Checking Account | $ |
| Checking Account | $ — | Checking Account | $ |
| Savings | $ 45 00 | Savings | $ |
| Money Market | $ — | Money Market | $ |
| CD's | $ — | CD's | $ |
| Stocks/Bonds | $ 5500 00 | Stocks/Bonds | $ |
| Other Cash on hand | $ 100 00 | Other Cash on hand | $ |
| Other Real Estate | $ 425K | Other Real Estate | $ |
| Other IRAs | $ 300 K | Other | $ |
| Total Borrower Assets | $ 730 K | Total Borrower Assets | $ |

## Monthly Income [6]

All Monthly Income Sources (Documentation is required to support amounts disclosed)

| Borrower | | Co-Borrower | |
|---|---|---|---|
| Monthly Gross Wages | $ | Monthly Gross Wages | $ |
| Overtime | $ | Overtime | $ |
| Tips, Commissions and Bonuses | $ | Tips, Commissions and Bonuses | $ |
| Self-employed income | $ | Self-employed income | $ |
| Unemployment income | $ | Unemployment income | $ |
| Social Security Income | $ | Social Security Income | $ |
| SSDI or Other Non-Taxable Social Security Income | $ | SSDI or Other Non-Taxable Social Security Income | $ |
| Death Benefits | $ | Death Benefits | $ |
| Pension, Annuities, or Retirement Plan Income | $ 4000 00 | Pension, Annuities, or Retirement Plan Income | $ |
| Interest & Dividends Income | $ | Interest & Dividends Income | $ |
| Food Stamps/Welfare | $ | Food Stamps/Welfare | $ |
| Child Support** | $ | Child Support | $ |
| Alimony** | $ | Alimony** | $ |
| Foster Care Income | $ | Foster Care Income | $ |

| | | | |
|---|---|---|---|
| **Gross Rents Received***** | $ — | **Gross Rents Received***** | $ |
| **Other** ____________________ | $ | **Other** ____________________ | $ |
| **Total (Gross Income):** | $ 4000 | **Total (Gross Income):** | $ |
| **Non-borrower contribution:** Will the non-borrower contribute all of their income to household expenses and mortgage payments? | | ❑Yes: Complete Contributor application<br>❑No: Complete Boarder info sheet | $ |

**Notice: Alimony, Child Support, or Separate Maintenance income need not be revealed if you do not choose to have it considered for repaying this loan. If income is disclosed, it will have to be taken into account when reviewing for workout eligibility.

***Include rental income/expenses received from all properties you own EXCEPT a property for which you are contributing to in this section.

## Monthly Expenses [7]

| **Installment Payments** | | **Utility Expenses** | |
|---|---|---|---|
| **Credit Cards** | $ — | **Electric/Heating Fuel** | $ 200.00 |
| **Student Loans** | $ 0 | **Water & Sewer** | $ 60.00 |
| **Auto Loan 1** | $ 425.00 | **Telephone/Cell Phone** | $ 30.00 |
| **Auto Loan 2** | $ | **Garbage** | $ — |
| **1st Mortgage** (THIS ONE) | $ 1912.00 | **Security** | $ — |
| **2nd Mortgage** | $ | **Cable TV/Satellite/Internet** | $ 30.00 |
| **Home Equity Loan** | $ — | **Rent (not in monthly installments)** | $ 320.00 |
| **Other Mortgages or Consumer Loans** | $ — | **Other Utilities** | $ — |
| **Total Installment:** | $ 2337.00 | **Total Utilities:** | $ 320.00 |
| **Transportation Expenses** | | **Other Expenses** | |
| **Gas** | $ 50.00 | **Child Support/Alimony** | $ — |
| **Bus Fare** | $ | **Child Care** | $ — |
| **Subway/Train** | $ | **Tuition** | $ — |
| **Carpool** | $ | **Auto Insurance** | $ 208.00 |
| **Other** ____________________ | $ | **Life Insurance** | $ — |
| **Total Transportation:** | $ 50.00 | **Health Insurance (not deducted from pay)** | $ — |

| Food, Clothing & Other Expenses | | Medical and Dental | $ |
|---|---|---|---|
| Food | $ 200.00 | Tithing/Charity Contributions | $ |
| Clothing | $ — | Home Maintenance | $ |
| Laundry/Dry Cleaning | $ — | HOA/Condo Fees | $ |
| Housekeeping Supplies | $ — | Taxes (non-escrow loan) | $ 458.00 |
| Other ______ | $ — | Homeowner's Insurance (non-escrow loan) | $ 100.00 |
| Total Food, Clothing, Other: | $ 200.00 | Total Other: | $ 858.00 |

## Hardship Affidavit [8]

The hardship causing mortgage payment challenges began on approximately (date) [redacted] and is believed to be:

SEE NOTE ON NEXT Page.

- (circled) ➢ Short-term (up to 6 months)
- ➢ Long-term or permanent (greater than 6 months)
- ➢ Resolved as of (date) ______

| Type of Hardship (check all that apply) | Required Hardship Documentation: |
|---|---|
| ☒ **Unemployment** | If FHA loan, require the following documents:<br>➢ Unemployment Affidavit (Enclosed) - Only required if you are currently unemployed; **Or**<br>➢ 3rd Party documentation reflecting receipt of unemployment benefits; **Or**<br>➢ Documentation from prior employer proving termination/laid off |
| ❑ **Reduction in Income: a hardship that has caused a decrease in your income due to circumstances outside your control (e.g., elimination of overtime, reduction in regular working hours, a reduction in base pay)** | If FHA loan, require the following documents:<br>❑ **Elimination of overtime, reduction in regular working hours, or a reduction in base pay**<br>➢ 2 most recent paycheck stubs reflecting the reduction on income due; **Or**<br>➢ Most recent bank statement reflecting the lack of direct/wage deposits; **Or**<br>➢ A letter from employer stating that income has been reduced<br>❑ **Business Failure/Closure**<br>➢ Schedule K-1 (Form 1065) Final filed with the IRS; **AND**<br>➢ Certificate of Dissolution/Articles of Dissolution filed with the registered agent or Secretary of State's office; **AND**<br>➢ Most recent tax return not showing business filed any longer<br>❑ **Business Income Reduction**<br>➢ Profit & Loss Statement showing loss or decrease from prior year's tax return income; **AND**<br>➢ Most recent business bank statements reflecting more outgoing deductions than deposits. |
| ❑ **Increase in Housing Expenses: a hardship that has caused an increase in your housing expenses due to circumstances outside your control** | If FHA loan, require the following documents:<br>❑ **For Rate Adjustments from other lenders**<br>➢ 2 most recent mortgage statements from lender reflect rate adjustment<br>❑ **For Property Tax Increase**<br>➢ **Most recent property tax bill**<br>❑ **For Non-Disaster related household repairs**<br>➢ Paid invoices or receipts from Construction Company for Repair; **AND**<br>➢ Bank statements showing charges from home improvement |

| | |
|---|---|
| ❑ **Divorce or legal separation; Separation of Borrowers unrelated by marriage, civil union or similar domestic partnership under applicable law** | ➢ Divorce Decree Signed by the court; **Or**<br>➢ Separation agreement signed by the court; **AND**<br>➢ Recorded quitclaim deed evidencing that the non-occupying Borrower or Co-Borrower has relinquished all rights to the property |
| ❑ **Death of a borrower or death of either the primary or secondary wage earner in the household** | ➢ Death Certificate; **Or**<br>➢ Obituary or newspaper article reporting the death<br><br>***NOTE:*** *This information is being requested to document your hardship.*<br><br>*If you believe you are a successor in interest, please contact us at (855) 690-5900, Monday through Friday from 8:00am – 10:00pm and Saturday from 9:00am – 6:00pm Eastern Time, to start the confirmation process.* |
| ❑ **Long-term or permanent disability; Serious illness of a borrower/co-borrower or dependent family member** | ➢ Proof of monthly insurance benefits or government assistance (if applicable); **Or**<br>➢ Written statement of other documentation verifying disability or illness; **Or**<br>➢ Doctor's certificate of illness or disability; **Or**<br>➢ Proof of paid medical bills<br><br>***Note:*** *Detailed medical information is not required, and information from a Medical provider is not required* |
| ❑ **Disaster (natural or man-made) adversely impacting the property or Borrower's place of employment** | ➢ Insurance Claim; **Or**<br>➢ Federal Emergency Management Agency grant or Small Business Administration loan; **Or**<br>➢ Borrower or Employer property located in a federally declared disaster area |
| ❑ **Distant employment transfer / Relocation** | **For active-duty service members:**<br>➢ Permanent Change of Station (PCS) orders or letter showing transfer.<br>**For employment transfers/new employment:**<br>➢ Copy of signed offer letter or notice from employer showing transfer to a new location or written explanation if employer documentation not applicable, AND<br>➢ Documentation that reflects the amount of any relocation assistance provided (not required for those with PCS orders) |
| ❑ **Other: A Hardship that is not covered above** | ➢ Written explanation describing the details of the hardship and relevant documentation to prove hardship. |

I WAS LAid OFF FROM my LAST Job. my PARtner OF 17 YEARS PASSed AWAY, THEN my mom, THen ANOTHER FAmily member, Since THen I HAVE been Forced TO FILE bankrupsy THREE Times TO STOP THE SAle OF my Home because THis company dont Seem TO process my APP NOR APPLY THE deferment FOR THE COVID 19 Forbearance THIS HAS Killed my Credit, And CAUSed Extreem Mental & NOW PHYSICAL HEALTH ISSUES DISRUPTING Every CHance IVe HAd TO FOCUS ON Finding NEW Employment.

## Borrower Certification and Agreement

1. I certify and acknowledge that all of the information in this Mortgage Assistance Application is truthful, and the hardship I identified contributed to my need for mortgage relief. Knowingly submitting false information may violate Federal and other applicable law.
2. I agree to provide my servicer with all required documents, including any additional supporting documentation as requested, and will respond in a timely manner to all servicer or authorized third party* communications.
3. I acknowledge and agree that my servicer is not obligated to offer me assistance based solely on the representations in this document or other documentation submitted in connection with my request.
4. I consent to the servicer or authorized third party* obtaining a current credit report for the borrower and co- borrower.
5. I consent to the disclosure by my servicer, authorized third party,* or any investor/guarantor of my mortgage loan(s), of any personal information collected during the mortgage assistance process and of any information about any relief I receive, to any third party that deals with my first lien or subordinate lien (if applicable) mortgage loan(s), including Fannie Mae, Freddie Mac, or any investor, insurer, guarantor, or servicer of my mortgage loan(s) or any companies that provide support services to them, for purposes permitted by applicable law. Personal information may include but is not limited to: (a) my name, address, telephone number, (b) my Social Security number, (c) my credit score, (d) my income, and (e) my payment history and information about my account balances and activity.
6. I consent to allow Freedom Mortgage Corporation to verify my past and present employment earnings records, tax transcripts, bank accounts, stock holdings and any other asset balances that are needed to process my request for mortgage assistance.
7. I agree that the terms of this borrower certification and agreement will apply to any modification trial period plan, repayment plan, or forbearance plan that I may be offered based on this application. If I receive an offer for a modification trial period plan or repayment plan, I agree that my first timely payment under the plan will serve as acceptance of the plan.
8. A condemnation notice has not been issued for the property.
9. I consent to being contacted concerning this request for mortgage assistance at any telephone number, including mobile telephone number, or email address I have provided to the Lender/Servicer/ or authorized third party*.

☒ By checking this box, I also consent to being contacted by text messaging.

| | | | |
|---|---|---|---|
| [signature] | 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 | 08/19/1975 | 04/27/2026 |
| Borrower #1 Signature | Social Security Number | Date of Birth | Date |
| | | | |
| Borrower #2 Signature | Social Security Number | Date of Birth | Date |
| | | | |
| Borrower #3 Signature | Social Security Number | Date of Birth | Date |
| | | | |
| Borrower #4 Signature | Social Security Number | Date of Birth | Date |

*An authorized third party may include, but is not limited to, a counseling agency, Housing Finance Agency (HFA) or other similar entity that is assisting me in obtaining a foreclosure prevention alternative.

FREEDOM MORTGAGE
P.O. Box 50485, Indianapolis, IN 46250-0485

# Borrower Signature Authorization and Taxpayer Consent

I hereby authorize Freedom Mortgage Corporation ("the Servicer") to verify my past and present employment earnings records, bank accounts, stock holdings, and any other asset balances that are needed to process my application. I further authorize the Servicer to order a consumer credit report and verify other credit information, including past and present mortgage and landlord references. It is understood that a copy of this form will also serve as authorization.

The information Freedom Mortgage Corporation obtains is only to be used in the processing of my application.

I understand, acknowledge, and agree that Freedom Mortgage Corporation (Lender) and Other Loan Participants can obtain, use and share tax return information for purposes of (i) providing an offer; (ii) originating, maintaining, managing, monitoring, servicing, selling, insuring, and securitizing a loan; (iii) marketing; or (iv) as otherwise permitted by applicable laws, including state and federal privacy and data security laws. The Lender includes the Lender's affiliates, agents, service providers and any of aforementioned parties' successors and assigns. The Other Loan Participants includes any actual or potential owners of a loan resulting from your loan application, or acquirers of any beneficial or other interest in the loan, any mortgage insurer, guarantor, any servicers or service providers for these parties and any of aforementioned parties' successors and assigns.

[signature] 04/24/26

Borrower Date

Co-Borrower Date

Form **4506-C** (October 2022)

Department of the Treasury - Internal Revenue Service

# IVES Request for Transcript of Tax Return

OMB Number 1545-1872

**Do not sign this form unless all applicable lines have been completed.**

**Request may be rejected if the form is incomplete or illegible.**

**For more information about Form 4506-C, visit *www.irs.gov* and search IVES.**

**1a** Current name
- i. First name: THERESA
- ii. Middle initial: M
- iii. Last name/BMF company name: THIMM

**2a** Spouse's current name *(if joint return and transcripts are requested for both taxpayers)*
- i. Spouse's first name:
- ii. Middle initial:
- iii. Spouse's last name:

**1b.** First taxpayer identification number *(see instructions)*: 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

**2b.** Spouse's taxpayer identification number *(if joint return and transcripts are requested for both taxpayers)*:

**1c** Previous name shown on the last return filed if different from line 1a
- i. First name:
- ii. Middle initial:
- iii. Last name:

**2c** Spouse's previous name shown on the last return filed if different from line 2a
- i. First name:
- ii. Middle initial:
- iii. Last name:

**3** Current address *(including apt., room, or suite no.)*, city, state, and ZIP code *(see instructions)*

| a. Street address *(including apt., room, or suite no.)* | b. City | c. State | d. ZIP code |
|---|---|---|---|
| 229 S. EDGEWORTH AVE. | ROYAL OAK | MI | 48067 |

**4** Previous address shown on the last return filed if different from line 3 *(see instructions)*

| a. Street address *(including apt., room, or suite no.)* | b. City | c. State | d. ZIP code |
|---|---|---|---|
| | | | |

**5a** IVES participant name, ID number, SOR mailbox ID, and address

| i. IVES participant name | ii. IVES participant ID number | iii. SOR mailbox ID | |
|---|---|---|---|
| Data Verify | | | |
| **iv. Street address** *(including apt., room, or suite no.)* | **v. City** | **vi. State** | **vii. ZIP code** |
| 250 E. Broad Street Suite 2100 | Colombus | OH | 43215 |

**5b** Customer file number *(if applicable) (see instructions)*:

**5c** Unique identifier *(if applicable) (see instructions)*:

**5d** Client name, telephone number, and address *(this field cannot be blank or not applicable (NA))*

| i. Client name | | | ii. Telephone number |
|---|---|---|---|
| Freedom Mortgage | | | 1-855-690-5900 |
| **iii. Street address** *(including apt., room, or suite no.)* | **iv. City** | **v. State** | **vi. ZIP code** |
| 6860 North Argonne St, Unit A | Denver | CO | 80249 |

**Caution**: This tax transcript is being sent to the third party entered on Line 5a and/or 5d. Ensure that lines 5 through 8 are completed before signing. *(see instructions)*

**6. Transcript requested**. Enter the tax form number here (1040, 1065, 1120, etc.) and check the appropriate box below. Enter only one tax form number per request for line 6 transcripts

1040

**a.** Return Transcript ☐ **b.** Account Transcript ☐ **c.** Record of Account ☒

**7. Wage and Income transcript** *(W-2, 1098-E, 1099-G, etc.)* ☒

**a.** Enter a max of three form numbers here; if no entry is made, all forms will be sent.

**b** Mark the checkbox for taxpayer(s) requesting the wage and income transcripts. If no box is checked, transcripts will be provided for all listed taxpayers

Line 1a ☐ Line 2a ☐

**8.** Year or period requested. Enter the ending date of the tax year or period using the mm dd yyyy format *(see instructions)*

12 / 31 / 2022 12 / 31 / 2021 12 / 31 / 2020 12 / 31 / 2023

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s)**. I declare that I am either the taxpayer whose name is shown on line 1a or, if applicable, line 2a, or a person authorized to obtain the tax information requested. If the request applies to a joint return, at least one spouse must sign; however, if both spouses' names and TINs are listed in lines 1a-1b and 2a-2b, both spouses must sign the request. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506-C on behalf of the taxpayer. **Note**: This form must be received by IRS within 120 days of the signature date.

☒ **Signatory attests that he/she has read the above attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506-C. See instructions.**

**Sign Here**

**Signature for Line 1a** *(see instructions)*: [signature] Date: 04/27/26 Phone number of taxpayer on line 1a or 2a: 248-320-8694

☐ Form 4506-C was signed by an Authorized Representative ☐ Signatory confirms document was electronically signed

**Print/Type name**: THERESA THIMM

**Title** *(if line 1a above is a corporation, partnership, estate, or trust)*:

**Spouse's signature** *(required if listed on Line 2a)*: Date:

☐ Form 4506-C was signed by an Authorized Representative ☐ Signatory confirms document was electronically signed

**Print/Type name**:

# Instructions for Form 4506-C, IVES Request for Transcript of Tax Return

Section references are to the Internal Revenue Code unless otherwise noted.

## Future Developments

*For the latest information about Form 4506-C and its instructions, go to www.irs.gov and search IVES. Information about any recent developments affecting Form 4506-C (such as legislation enacted after we released it) will be posted on that page.*

**What's New.** Form 4506-C includes the Client company requesting transcripts and increased the number of Wage and Income transcripts requests.

## General Instructions

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Designated Recipient Notification.** Section 6103(c) limits disclosure and use of return information received pursuant to the taxpayer's consent and holds the recipient subject to penalties for any unauthorized access, other use, or redisclosure without the taxpayer's express permission or request.

**Taxpayer Notification.** Section 6103(c) limits disclosure and use of return information provided pursuant to your consent and holds the recipient subject to penalties, brought by private right of action, for any unauthorized access, other use, or redisclosure without your express permission or request.

**Purpose of form.** Use Form 4506-C to request tax return information through an authorized IVES participant. You will designate an IVES participant to receive the information on line 5a.

**Note.** If you are unsure of which type of transcript you need, check with the party requesting your tax information.

**Where to file.** The IVES participant will fax Form 4506-C with the approved IVES cover sheet to their assigned Service Center.

### *Chart for ordering transcripts*

| If your assigned Service Center is: | Fax the requests with the approved coversheet to: |
|---|---|
| Austin Submission Processing Center | Austin IVES Team 844-249-6238 |
| Kansas City Submission Processing Center | Kansas City IVES Team 844-249-8128 |
| Ogden Submission Processing Center | Ogden IVES Team 844-249-8129 |

## Specific Instructions

**Line 1a/2a** *(if spouse is also requested).* For IMF Requests: Enter the First, Middle Initial, and Last Name in the indicated fields. If all characters will not fit, please enter up to 12 for First name and 22 for Last name. For BMF Requests: Enter the company name in the Last Name field. If all characters will not fit, please enter up to 22.

**Line 1b/2b** *(if spouse is also requested).* Enter the social security number (SSN) or individual taxpayer identification number (ITIN) for the individual listed on line 1a including the dashes in the correct format, or enter the employer identification number (EIN) for the business listed on line 1a including the dashes in the correct format.

**Line 1c/2c** *(if spouse is also requested).* Enter your previous name as shown on your last filed tax return if different than line 1a.

**Line 3.** Enter your current address in the indicated fields. If you use a P.O. Box, include it and the number in the Current Address field.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note.** If the addresses on lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address, or Form 8822-B, Change of Address or Responsible Party — Business, with Form 4506-C.

**Line 5b.** Enter up to 10 numeric characters to create a unique customer file number that will appear on the transcript. The customer file number cannot contain an SSN, ITIN or EIN. Completion of this line is not required.

**Line 5c.** Enter up to 10 alpha-numeric characters to create a unique identifier that will show in the mailbox file information. The unique identifier cannot contain an SSN, ITIN or EIN. Completion of this line is not required.

**Note.** If you use an SSN, we will not input the information and the customer file number or unique identifier will reflect a generic entry of "9999999999".

**Line 5d.** Enter the Client company name, address, and phone number in the indicated fields. A Client company receives the requested tax transcripts from the IVES participant. If the IVES participant is also the Client company, the IVES participant information should be entered on Line 5a and 5d. These fields cannot be blank or Not Applicable (NA).

**Line 6.** Enter only one tax form number (1040, 1065, 1120, etc.) per request for all line 6 transcripts request types.

**Line 6a.** Return Transcript includes most of the line items of a tax return as filed with the IRS. A tax return transcript does not reflect changes made to the account after the return is processed. Transcripts are only available for the following returns: Form 1040 series, Form 1065, Form 1120, Form 1120-H, Form 1120-L, and Form 1120-S. Return transcripts are available for the current year and returns processed during the prior 3 processing years.

**Line 6b.** Account Transcript contains information on the financial status of the account, such as payments made on the account, penalty assessments, and adjustments made by you or the IRS after the return was filed. Return information is limited to items such as tax liability and estimated tax payments. Account transcripts are available for most returns.

**Line 6c.** Record of Account provides the most detailed information as it is a combination of the Return Transcript and the Account Transcript. Available for current year and 3 prior tax years.

**Line 7.** The IRS can provide a transcript that includes data from these information returns: Form W-2, Form 1099 series, Form 1098 series, or Form 5498 series transcript. Enter up to three information return types. If no specific type is requested, all forms will be provided. State or local information is not included with the Form W-2 information. The IRS may be able to provide this transcript information for up to 10 years. Information for the current year is generally not available until the year after it is filed with the IRS. For example, Form W-2 information for 2016, filed in 2017, will likely not be available from the IRS until 2018. If you need Form W-2 information for retirement purposes, you should contact the Social Security Administration at 1-800-772-1213.

**Line 8.** Enter the end date of the tax year or period requested in mm dd yyyy format. This may be a calendar year, fiscal year or quarter. Enter each quarter requested for quarterly returns. Example: Enter 12 31 2018 for a calendar year 2018 Form 1040 transcript.

CAUTION *You must check the box in the signature area to acknowledge you have the authority to sign and request the information. The form will not be processed if unchecked.*

**Signature and date.** Form 4506-C must be signed and dated by the taxpayer listed on line 1a and, if listed, 2a. The IRS must receive Form 4506-C within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines, including lines 5a through 8, are completed before signing.

**Authorized Representative:** A representative can sign Form 4506-C for a taxpayer if the taxpayer has specifically delegated this authority to the representative on Form 2848, line 5a, and Form 2848 is attached to the Form 4506-C request. If you are Heir at Law, Next of Kin, or Beneficiary, you must be able to establish a material interest in the estate or trust. If Form 4506-C is signed by a representative, the Authorized Representative check box must be marked.

**Electronic Signature:** Only IVES participants that opt in to the Electronic Signature usage can accept electronic signatures. Contact the IVES participant for approval and guidance for electronic signatures. If the Form 4506-C is signed electronically, the Electronic Signature check box must be marked.

**Individuals.** Transcripts listed on line 6 may be furnished to either spouse if jointly filed. Signatures are required for all taxpayers listed on Line 1a and 2a.

**Corporations.** Generally, Form 4506-C can be signed by:

(1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer. A bona fide shareholder of record owning 1 percent or more of the outstanding stock of the corporation may submit a Form 4506-C but must provide documentation to support the requester's right to receive the information.

**Partnerships.** Generally, Form 4506-C can be signed by any person who was a member of the partnership during any part of the tax period requested on line 8.

**All others.** See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested tax information under the Internal Revenue Code. We need this information to properly identify the tax information and respond to your request. You are not required to request any transcript; if you do request a transcript, sections 6103 and 6109 and their regulations require you to provide this information, including your SSN or EIN. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506-C will vary depending on individual circumstances. The estimated average time is:

**Learning about the law or the form** . . . . . . 10 min.
**Preparing the form** . . . . . . . . . . . . . . 12 min.
**Copying, assembling, and sending the form to the IRS** . . . . . . . . . . . 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506-C simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service
Tax Forms and Publications Division
1111 Constitution Ave. NW, IR-6526
Washington, DC 20224

Do not send the form to this address. Instead, see Where to file on this page.

# HELP FOR AMERICA'S HOMEOWNERS

MAKING HOME AFFORDABLE

## *Dodd-Frank Certification*

The following information is requested by the federal government in accordance with the Dodd-Frank Wall Street Reform and Consumer Protection Act (Pub. L. 111-203). **You are required to furnish this information.** The law provides that no person shall be eligible to begin receiving assistance from the Making Home Affordable Program, authorized under the Emergency Economic Stabilization Act of 2008 (12 U.S.C. 5201 *et seq.*), or any other mortgage assistance program authorized or funded by that Act, if such person, in connection with a mortgage or real estate transaction, has been convicted, within the last 10 years, of any one of the following: (A) felony larceny, theft, fraud, or forgery, (B) money laundering or (C) tax evasion.

I/we certify under penalty of perjury that I/we have not been convicted within the last 10 years of any one of the following in connection with a mortgage or real estate transaction:

(a) felony larceny, theft, fraud, or forgery,
(b) money laundering or
(c) tax evasion.

I/we understand that the servicer, the U.S. Department of the Treasury, or their agents may investigate the accuracy of my statements by performing routine background checks, including automated searches of federal, state and county databases, to confirm that I/we have not been convicted of such crimes. I/we also understand that knowingly submitting false information may violate Federal law.

This Certificate is effective on the earlier of the date listed below or the date received by your servicer.

807-4014-0914F

| Borrower Signature | Social Security Number | Date of Birth | Date |
|---|---|---|---|
| [signature] | 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 | 08/19/1975 | 04/27/26 |

| Co-Borrower Signature | Social Security Number | Date of Birth | Date |
|---|---|---|---|
| | | | |

FREEDOM MORTGAGE
P.O. Box 50485, Indianapolis, IN 46250-0485

# Unemployment Affidavit

Freedom Loan Number: Ø1Ø1947729

Property Address: 229 S. Edgeworth Ave, Royal Oak MI 48067

I (Borrower Name) Theresa Thimm hereby certify and state that the following items are all true and accurate:

1. Became unemployed on March 2023 (day, month, year)
2. Am actively seeking and available for employment.
3. Will notify you promptly after I become gainfully employed.

Signed this 27 day of April, 2026

[signature]
Borrower Signature

By signing this affidavit, I am confirming the above statements.

Please return the signed agreement:

**By e-mail:**
LossMitigation@FreedomMortgage.com

**By mail:**

**Overnight**
Freedom Mortgage
10500 Kincaid Drive, Suite 111
Fishers, IN 46037-9764

**Regular Mail**
Freedom Mortgage
P.O. Box 50485
Indianapolis, IN 46250-0485

**By phone:**
(855) 690-5900

**By fax:**
(866) 505-0949

N/A - No Contributors.

## Contributor Application

This form must be completed by anyone that wants to be considered in the review for loss mitigation options and is a 100% contributor towards the mortgage payment and/or any other household expenses. Contributor will be required to provide documentation to prove income and confirm residency in subject property. Additionally, this form must be completed to disclose information about (1) you and your residency status; (2) information about your income, expenses and financial assets and (3) information about the mortgage(s) or other single-family real estate that you own.

| | |
|---|---|
| **Freedom Loan Number** | 0101947729 |
| **Freedom Borrower Name** | Theresa Thimm |
| **Property Address** | 229 S. Edgeworth Ave. |

The undersigned borrower authorizes Freedom Mortgage to review the referenced Contributor and, if needed, add to their Freedom Mortgage account.

______________________________ 04/27/26

**Borrower Signature** **Date**

| **Contributor #1 [1a]** | | **Contributor #2 [1b]** | |
|---|---|---|---|
| Contributor's Name: NONE | | Contributor's Name: NONE | |
| Social Security Number: | Date of Birth: | Social Security Number: | Date of Birth: |
| Home Phone # with Area Code: | | Home Phone # with Area Code: | |
| Cell Phone # with Area Code: | | Cell Phone # with Area Code: | |
| ❑ Same as property address (if checked leave blank)<br>Mailing Address:______<br>City:______ State:______ Zip:______ | | ❑ Same as property address (if checked leave blank)<br>Mailing Address:______<br>City:______ State:______ Zip:______ | |
| Email Address: | | Email Address: | |

## Contributor Financial Information [2]

| **All Contributor Monthly Income Sources (Documentation is required to support contribution amount) [2a]** | | **Monthly Contributor Expenses/Debts [2b]** | | **Expenses/Debts (con't)** | |
|---|---|---|---|---|---|
| Monthly Gross Wages | $ | Other Mortgages*** | $ | HOA/Condo Fees (Documentation Required)*** | $ |
| Overtime | $ | Student Loans | $ | Taxes (non-escrow loan)*** | $ |
| Tips, Commissions, and Bonuses | $ | Auto Loan(s) | $ | Tithing/Charity Contributions | $ |
| Self-employed Income | $ | Credit Cards | $ | Other ______ | $ |
| Unemployment Income | $ | Other Consumer Loans | $ | **Total Debt/Expenses:** | **$** |
| Social Security Income | $ | Utilities | $ | | |

| | | | | | |
|---|---|---|---|---|---|
| SSDI or Other Non-Taxable Social Security Income | $ | Cable | $ | **Contributor Assets [2c]** | |
| Death Benefits | $ | Rent (not in monthly installments) | $ | Checking Account(s) | $ |
| Pension, Annuities, or Retirement Plan Income | $ | Transportation (i.e. Gas, Subway, Bus Fare, etc.) | | Checking Account(s) | $ |
| Interest & Dividends Income | $ | Living Expenses (i.e. Food, Clothing, Supplies, etc.) | | Savings/Money Market | $ |
| Food Stamps/Welfare | $ | Child Support** | $ | CD's | $ |
| Child Support/Alimony** | $ | Alimony** | $ | Stocks/Bonds | $ |
| Foster Care Income | $ | Child Care | $ | Other Cash on hand | $ |
| Gross Rents Received*** | $ | Auto Insurance | $ | Other Real Estate | $ |
| Other ____________ | $ | Health/Life Insurance (not deducted from pay) | $ | Other ____________ | $ |
| **Total (Gross Income):** | $ | Homeowner's Insurance (non-escrow loan) | $ | **Total Assets** | $ |

**Notice: Alimony, Child Support, or Separate Maintenance income need not be revealed if you do not choose to have it considered for repaying this loan.

***Include rental income/expenses received from all properties you own EXCEPT a property for which you are contributing to in this section.

## Active Duty [3]

Is any contributor an active duty service member?

❑ Yes ❑ No

Has any contributor been deployed away from his/her primary residence or received a Permanent Change of Station order?

❑ Yes ❑ No

Is any contributor the surviving spouse or a dependent of a deceased service member who was on active duty at the time of death?

❑ Yes ❑ No

**End of Active Obligated Service (EAOS)/End of Term of Service (ETS) Information**

| | |
|---|---|
| End of Active Obligated Service (EAOS)/End of Term of Service (ETS) Date: | |

If the your EAOS/ETS is less than 12 months from the date of this application, you:

❑ Intend to reenlist/extend ❑ Have already reenlisted ❑ Intend to retire from military service

❑ Have an offer for employment, upon release from active service

# Contributor Acknowledgment and Agreement

1. I certify that all of the information in this Contributor Package is truthful.
2. I understand and acknowledge that the Servicer, the U.S. Department of the Treasury, the owner or guarantor of the mortgage loan, or their respective agents may investigate the accuracy of my statements, may require me to provide additional supporting documentation and that knowingly submitting false information may violate Federal and other applicable law.
3. Although I am not a borrower on the loan for which modification assistance is requested, I currently: (initial appropriate occupancy status)
   - ☐ reside in and intend to continue to reside in this property
   - ☐ live in a property other than this property
4. I certify that I am a 100% contributor towards the mortgage payment or any other household expenses each month and I will continue to do so for the foreseeable future.
5. I authorize and give permission to the Servicer, the U.S. Department of the Treasury, and their respective agents, to pull my credit report to verify occupancy status.
6. I certify that the residence I am contributing to is a habitable residential property that is not subject to a condemnation notice.
7. I certify that I am willing to provide all requested documents and to respond to all Servicer communications in a timely manner. I understand that time is of the essence.
8. I understand that the Servicer will use this information to evaluate the borrower for available relief options and foreclosure alternatives, but the Servicer is not obligated to offer assistance based solely on the representations in this document or other documentation submitted in connection with the request.
9. I understand that the Servicer will collect and record personal information that I submit in this contributor package during the evaluation process, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, and information about my account balances and activity. I understand and consent to the Servicer's disclosure of my personal information and the terms of any relief or foreclosure alternative that I receive to any investor, insurer, guarantor, or servicer that owns, insures, guarantees, or services my first lien or subordinate lien (if applicable) mortgage loan(s) or to any HUD-certified housing counselor.
10. I consent to being contacted concerning this request for mortgage assistance at any e-mail address or cellular or mobile telephone number I have provided to the Servicer. This includes text messages and telephone calls to my cellular or mobile telephone.

The undersigned certifies under penalty of perjury that all statements in this document are true and correct.

| | | | |
|---|---|---|---|
| Contributor #1 Signature | Social Security Number | Date of Birth | Date |
| Contributor #2 Signature | Social Security Number | Date of Birth | Date |

*An authorized third party may include, but is not limited to, a counseling agency, Housing Finance Agency (HFA) or other similar entity that is assisting me in obtaining a foreclosure prevention alternative.

FREEDOM MORTGAGE
P.O. Box 50485, Indianapolis, IN 46250-0485

# Boarder Information Sheet

N/A

A Boarder is someone who resides in the subject property and contributes a portion of their income to household expenses. This form is to be completed by individuals who reside with you at the subject property address who are not on the loan as borrowers, but who have agreed to include a percentage of their income (less than 100%) in the review of your loss mitigation workout review.

| To Be Completed by the Borrower | |
|---|---|
| Borrower Name: THERESA THIMM | |
| Freedom Loan Number: 0101947729 | |
| Property Address: 229 S. EDGEWORTH AVE. ROYAL OAK MI 48067 | |
| **To Be Completed by the Boarder** | |
| Full Name: NONE | |
| Marital Status: ❑ Single ❑ Married ❑ Divorced ❑ Widowed ❑ Separated | Spouse's Name (if applicable): |
| Home Phone w/Area Code: ( ) - | Cell Phone w/Area Code: ( ) - |
| Relationship to Borrower: | Amount of income contributing monthly: |

By signing below, I, the boarder, state the following:

- I reside at the borrower's principal residence and request my income be included in the review for the modification on the loan secured by this property
- I will contribute the income stated above to household expenses and mortgage payments each month and will continue to do so for the foreseeable future
- I agree to provide documentation to prove:
  - My income
    AND
  - My residency at the subject property

I understand that the information and documents submitted are subject to examination and verification. Signed this 27 day of April, 2026.

[signature]
Boarder Signature

Loan Number:

N/A

## Profit and Loss Statement for Self-Employed Homeowners

**Please complete a separate Profit and Loss Statement for each business owned by the borrower(s).**

Name of Company: N/A

Dates *(Date range of income and expenses you are disclosing for your business)*: through

**1. Sales Revenue** *(Total amount of income from sales or services. All money collected for work you have done.)*

| | |
|---|---|
| Sales Revenue | $ |
| **Total Sales Revenue:** | **$** |

**2. Cost of Sales** *(Total amount spent on products/services)*

| | |
|---|---|
| Product/Service | $ |
| **Total Cost of Sales:** | **$** |

| | |
|---|---|
| **Gross Profit** *(Total Sales Revenue - Total Cost of Sales)* | **$** |

**3. Operating Expense**

| | |
|---|---|
| Advertising | $ |
| Technology licenses | $ |
| Officer wages and salaries | $ |
| Employee wages and salaries | $ |
| Supplies | $ |
| Meals and Entertainment | $ |
| Rent | $ |
| Telephone | $ |
| Utilities | $ |
| Depreciation | $ |
| Insurance | $ |
| Repairs and maintenance | $ |
| **Total Operating Expenses:** | **$** |

| | |
|---|---|
| **Income from Operations** *(Gross Profit) - (Total Operating Expenses)* | **$** Ø |

(continued on next page)

I'M NOT SELF EMPLOYED.



097276-00134362-0 [PAG 2735] [DOC 73 35/38 Id 32522210]

4. **Other Income** *(example: bad debts recovered, interest, tax refunds and other miscellaneous business income.)*

| | |
|---|---|
| Other income (specify): ____________ | $ |
| Other income (specify): ____________ | $ |
| **Total Other Income:** | **$** |

5. **Taxes**

| | |
|---|---|
| Income taxes | $ |
| Payroll taxes | $ |
| Real estate taxes | $ |
| Other taxes (specify): ____________ | $ |
| Other taxes (specify): ____________ | $ |
| **Total Taxes:** | **$** |

| | |
|---|---|
| **Net Profit** *(Income from Operations) + (Other Income) - (Total Taxes)* | **$** |

Loan Number:

I, ______________, accept and agree to the terms of this document.

**Signature** ______________________ **Date** ______________ **(Borrower)**

I, ______________, accept and agree to the terms of this document.

**Signature** ______________________ **Date** ______________ **(Co-Borrower)**

# Exhibit B

FREEDOM MORTGAGE®
PO Box 50485, Indianapolis, IN 46250-0485

Theresa Thimm
229 S Edgeworth Ave
Royal Oak, MI 48067-3969

May 19, 2026

Re: Loan Number 0101947729
Collateral Address 229 S EDGEWORTH AVE
ROYAL OAK, MI 48067

Dear Theresa Thimm,

You recently began the review process for loss mitigation assistance. Unfortunately, Freedom Mortgage Corporation ("Freedom Mortgage") is unable to proceed with the review because the requested outstanding documents have not been received from you. A complete loss mitigation application, including all additional requested information and/or documentation, is required to review your loan for potential loss mitigation assistance options.

Due to the incomplete status of your documentation, we have closed our review. The following list reflects the documentation that we requested but have not received:

- Completed Borrower Financial Worksheet
- 2 months most recent Bank Statements (all Pages & all Accounts)
- Proof of Pension Income (Award Letter)
- 2 months Proof of Deposit (Pension Income)

We encourage you to contact us directly to discuss any questions or concerns you may have about your missing items.

We will reconsider your request upon receipt of a complete loss mitigation application. Any documents you previously submitted are valid for 90-days from the date on the document.

To be reconsidered for loss mitigation assistance options, please return all documents, including any updates for documents that may be older than 90-days, to us in one of the following methods:

**Email:** LossMitigation@FreedomMortgage.com
**Fax:** 866-505-0949
**Mail:** Freedom Mortgage Corporation, 715 NE 122nd Street, Suite 100, Oklahoma City, OK 73114

Please note that the servicing of your loan will continue per the terms of your original Note and Mortgage, including foreclosure proceedings and normal credit bureau reporting, if applicable, to the extent permitted by applicable law. If foreclosure activity was previously suspended on your loan, it may now resume. If you would like additional counseling, you may consider contacting the HOPE Hotline at 888-995-HOPE. A project of the nonprofit Homeownership Preservation Foundation, the HOPE Hotline connects homeowners with HUD-approved housing counselors, who offer assistance at no charge. If you have any questions, please contact **RUGGUINA H.** at **855-690-5900**.

To submit a RESPA Qualified Written Request ("QWR"), notice of error or request for information, you must use the designated address below:

Freedom Mortgage Corporation
P.O. Box 50428
Indianapolis, IN 46250-0401