UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA THIMM,

Plaintiff,

v.

FREEDOM MORTGAGE CORPORATION,

Defendant.
_______________________________/

Case No. 2:26-cv-14462-MFL-DRG

Hon. Matthew F. Leitman

Magistrate Judge David R. Grand

**PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER TO TOLL AND EXTEND THE STATUTORY REDEMPTION PERIOD AND REQUEST FOR EXPEDITED HEARING ON PRELIMINARY INJUNCTIVE RELIEF**

NOW COMES Plaintiff, THERESA THIMM ("Plaintiff" or "Ms. Thimm"), by and through her attorneys, Soble PLC, and pursuant to Federal Rule of Civil Procedure 65, E.D. Mich. LR 65.1, and this Court's equitable authority under applicable Michigan law, moves this Court on an emergency basis for entry of a temporary restraining order tolling and extending the statutory redemption period applicable to her residence pending an expedited hearing on Plaintiff's request for preliminary injunctive relief. In support of this Motion, Plaintiff states as follows:

1. Plaintiff owns and lives in the residence commonly known as 229 S. Edgeworth Avenue, Royal Oak, Michigan 48067 (the “Property”). Exhibit A Verified Complaint ¶¶ 1, 4.

2. Defendant Freedom Mortgage Corporation ("Freedom") foreclosed its mortgage on the Property by advertisement. The Oakland County Sheriff sold the Property on May 26, 2026 to HP Foreclosure Solution, LLC ("HP") for $246,001. Exhibit B, Sheriff's Deed on Mortgage Sale, Liber 61292 Page 668.

3. The redemption period is six months under MCL 600.3240(8). The deputy sheriff certified that "the last day to redeem is November 26, 2026." Exhibit C, Affidavit of Auctioneer. HP's recorded affidavit states the same date and a per diem of $28.64. Exhibit D, Affidavit of Purchaser.

4. November 26, 2026 is Thanksgiving Day, a public holiday under MCL 435.101(1)(k). Unless this Court acts, the Sheriff's Deed becomes operative and Plaintiff's right, title, and interest in her home are extinguished by operation of MCL 600.3236. After that date, Michigan courts treat a mortgagor's challenge as subject to a heightened standard and frequently dismiss it for lack of standing. *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713-715; 848 jNW2d 482 (2014).

5. Plaintiff filed her Verified Complaint on October 8, 2026. It alleges wrongful foreclosure, promissory estoppel, declaratory relief, injunctive relief, and an accounting, and it expressly asks the Court to toll or extend the redemption period. Exhibit A Verified Complaint ¶¶ 83-126 and Relief Requested ¶ 6. The filing of the action does not toll the redemption period by itself. *Bryan*, 304 Mich

App at 713-715.

6. The Verified Complaint and the attached affidavits show a clear irregularity in the foreclosure procedure itself. The only notice of sale published was dated September 9, 2025 and set the sale for October 7, 2025. The sheriff then adjourned the sale for more than seven months, to May 26, 2026. Exhibit B, Sheriff's Deed. MCL 600.3220 requires that any adjournment of more than one week be published, with the first publication within 10 days and weekly publication thereafter. The recorded deed packet contains affidavits of publication and posting for the September 2025 notice only. Exhibit A; Verified Complaint ¶¶ 74-82.

7. The record also shows that Freedom told Plaintiff the foreclosure was on hold while it reviewed a complete loss mitigation application, then closed the review by a letter dated May 19, 2026 that Plaintiff did not receive until after the sale, and sold the home one week later. Exhibit AVerified Complaint ¶¶ 49-72.

8. Plaintiff was prejudiced. Had Freedom published the adjournments and disclosed that the hold had ended, Plaintiff would have sought judicial relief before the sale and would have cured the default by reinstatement. Verified Complaint ¶¶ 96-98; *Kim v JPMorgan Chase Bank, NA*, 493 Mich 98, 115-116; 825 NW2d 329 (2012).

9. Plaintiff will suffer immediate and irreparable injury if the redemption

period expires before the Court decides this motion. She will lose title to her home of approximately 9 years by operation of law, and her claims will face a standing challenge she does not face today. Loss of an interest in real property is not compensable by money damages.

10. HP, the purchaser at the sheriff's sale, holds the interest that an extension affects. HP is not yet a party. Under FRCP 19 and 21, HP's presence is essential to complete relief, and the Court should order HP summoned. HP is represented by Adam J. Devlin (P72877) in the related possession action, *HP Foreclosure Solution, LLC v Thimm*, 44th District Court Case No. 26-02183-LT, which is set for a pretrial conference on November 9, 2026. Exhibit C. Plaintiff does not ask this Court to stay that action.

11. Plaintiff's counsel certifies the efforts made to give notice, and the reasons supporting entry of an interim order before a full hearing, in the Attorney Certification attached to this motion as required by FRCP 65(b).

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court (a) enter the proposed Ex Parte Temporary Restraining Order and Order to Show Cause, which tolls the statutory redemption period so that it does not expire on November 26, 2026 and extends it until the Court decides Plaintiff's request for a preliminary injunction; (b) set a show cause hearing on the earliest available date, and in any event before November 25, 2026; (c) after that hearing, extend the

redemption period until 30 days after entry of a final order on Counts I and III of the Verified Complaint, on the escrow and security terms the Court finds just; (d) order HP Foreclosure Solution, LLC summoned as a necessary party under MCR 2.205(B); and (e) grant such other relief as this Court deems just and equitable.

Respectfully Submitted,

SOBLE PLC

/s/ George T. Blackmore

By: George T. Blackmore (P76942)
SOBLE PLC
31800 Northwestern Hwy, Ste 350
Farmington Hills, MI 48334
Phone: (888) 789-1715
dsoble@provenresource.com
*Counsel for Plaintiff*

Dated: November 25, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THERESA THIMM, | Case No. 2:26-cv-14462-MFL-DRG |
| Plaintiff, | Hon. Matthew F. Leitman |
| v. | Magistrate Judge David R. Grand |
| FREEDOM MORTGAGE CORPORATION, | |
| Defendant. | |

________________________________/

**BRIEF IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER TO TOLL AND EXTEND THE STATUTORY REDEMPTION PERIOD AND REQUEST FOR EXPEDITED HEARING ON PRELIMINARY INJUNCTIVE RELIEF**

NOW COMES Plaintiff, THERESA THIMM, by and through her legal counsel, Soble PLC, for her Brief in Support of her Emergency Ex Parte Motion, and states as follows.

**STATEMENT OF ISSUES PRESENTED**

I. Whether Plaintiff has established grounds for entry of a temporary restraining order pursuant to Fed. R. Civ. P. 65 to preserve her statutory redemption rights pending an expedited hearing on her request for preliminary injunctive relief. Plaintiff answers: Yes.

II. Whether the alleged irregularities in the foreclosure proceedings, together with the resulting prejudice to Plaintiff, warrant an equitable extension of the

statutory redemption period under Michigan law.

Plaintiff answers: Yes.

III. Whether HP Foreclosure Solution, LLC, as the purchaser at the sheriff's sale, is a required party under Fed. R. Civ. P. 19 whose joinder is necessary to afford complete relief.

Plaintiff answers: Yes.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

**I. Temporary Restraining Order and Preliminary Injunctive Relief**

Fed. R. Civ. P. 65

E.D. Mich. LR 65.1

*Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535 (6th Cir. 2007).

*Moltan Co. v. Eagle-Picher Industries, Inc.*, 55 F.3d 1171 (6th Cir. 1995).

**II. Equitable Extension of the Statutory Redemption Period**

MCL 600.3220

MCL 600.3236

MCL 600.3240

12 C.F.R. § 1024.41

*Powers v. Bank of America, N.A.*, 63 F. Supp. 3d 747 (E.D. Mich. 2014).

*Conlin v. Mortgage Electronic Registration Systems, Inc.*, 714 F.3d 355 (6th Cir. 2013).

*El-Seblani v. IndyMac Mortgage Services*, 510 F. App'x 425 (6th Cir. 2013).

*Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98; 825 N.W.2d 329 (2012).

*Senters v. Ottawa Savings Bank, FSB*, 443 Mich. 45; 503 N.W.2d 639 (1993).

*Schulthies v. Barron*, 16 Mich. App. 246; 167 N.W.2d 784 (1969).

*Freeman v. Wozniak*, 241 Mich. App. 633; 617 N.W.2d 46 (2000).

*Bryan v. JPMorgan Chase Bank*, 304 Mich. App. 708; 848 N.W.2d 482 (2014).

**III. Joinder of Required Parties**

Fed. R. Civ. P. 19

Fed. R. Civ. P. 21

28 U.S.C. § 1447(e)

## INTRODUCTION

Ms. Thimm does not ask the Court to rewrite the redemption statute. She asks the Court to preserve its own ability to decide her claims before the statute extinguishes them. Michigan law allows an equitable extension of the redemption period on a clear showing of fraud or irregularity in the foreclosure procedure. *Schulthies v Barron*, 16 Mich App 246, 247-248; 167 NW2d 784 (1969). The recorded deed itself supplies that showing.

Freedom published one notice of sale, for October 7, 2025. The sheriff's deed recites that the sale was then "adjourned from October 7, 2025 to May 26, 2026." Exhibit B. MCL 600.3220 required publication of each adjournment longer than one week. The recorded packet reflects no such publication. During the same months, Freedom told Ms. Thimm that her application was complete and that the foreclosure was on hold, then closed its review by a letter she received only after the sale. Exhibit A Verified Complaint ¶¶ 53-66. A homeowner who believes the sale is on hold, and who sees no published notice of a new sale date, is not in a

position to protect her home. That is the prejudice *Kim* requires, not a technical complaint.

The redemption period expires in 22 days, on a court holiday. Plaintiff asks for a short interim order that holds the status quo until the Court can hear from Freedom and HP, followed by an extension through a decision on the merits, conditioned on escrow payments that protect the purchaser.

## STATEMENT OF RELEVANT FACTS

The mortgage and the foreclosure notices

Ms. Thimm granted a mortgage on the Property on June 26, 2017 to secure a loan of approximately $234,175. Verified Complaint ¶¶ 8-11. Freedom serviced the loan and later held the mortgage by assignment. Exhibit A. After a COVID-19 forbearance, Ms. Thimm disputed Freedom's calculation of the deferred and escrow balances and repeatedly sought loss mitigation. Verified Complaint ¶¶ 14-21.

Freedom published a Notice of Foreclosure by Advertisement dated June 11, 2024 for a sale on July 9, 2024. Verified Complaint ¶¶ 74-75. It published a second notice dated September 9, 2025 for a sale on October 7, 2025, claiming $282,472 due. Oakland County Legal News published that notice on September 9, 16, 23, and 30, 2025, and Freedom's agent posted it on the Property on September 11, 2025. Exhibit E, Affidavits of Publication and Posting. No later notice of sale was

published. Verified Complaint ¶¶ 78-80.

Freedom scheduled and cancelled sale dates of November 18, 2025, December 9, 2025, March 17, 2026, and Aprl 28, 2026. Verified Complaint ¶ 31. Verified Complaint ¶ 34.

<u>Freedom places the foreclosure on hold</u>

On March 16, 2026, one day before a scheduled sale, Freedom's foreclosure counsel told Soble PLC that no sale was scheduled and that it could not locate the Property in its system. Later that day Freedom confirmed a March 17 sale and quoted reinstatement of approximately $77,937. The sale was adjourned after David Soble wrote to foreclosure counsel. Verified Complaint ¶¶ 41-46.

On April 13, 2026, Freedom told Soble PLC that Ms. Thimm's loss mitigation application was complete and that the sale was on hold until the review concluded. On April 22, 2026, Freedom again confirmed the hold, stated that the foreclosure had been suspended on April 7, and said a decision would issue by May 10, 2026. Verified Complaint ¶¶ 53-55. On or about May 7, 2026, Freedom requested more documents. Ms. Thimm learned on May 13, 2026 that a sale date had been set, although no one told her the hold had been lifted. She submitted the requested documents that day. On May 14, 2026, Soble PLC sent Freedom the complete package, noted the upcoming sale, and asked for a prompt response. Freedom confirmed that the package was received and uploaded for review.

Verified Complaint ¶¶ 57, 62-63; Exhibit A.

On May 19, 2026, the Oakland County Sheriff's office told Soble PLC that it had no sale date set for the Property. The same day, Freedom issued a letter closing its review for allegedly missing documents. Ms. Thimm did not receive that letter until after the sale, and Freedom did not post it to her mobile app. Verified Complaint ¶¶ 64-65; Exhibit A.

<u>The sale and the redemption deadline</u>

The sheriff sold the Property on May 26, 2026 to HP for $246,001. The deed recites that the sale was "adjourned from October 7, 2025 to May 26, 2026." Exhibit A. Ms. Thimm learned of the sale from a third party after it occurred. Verified Complaint ¶¶ 69-72. The deed was recorded June 16, 2026 at Liber 61292 Page 668. The deputy sheriff certified November 26, 2026 as the last day to redeem. HP's affidavit states a redemption amount of $246,001 plus $28.64 per day. Exhibit A. Through November 26, 2026, that amount is approximately $251,270, before any amounts HP may claim under MCL 600.3240(4).

HP has twice sued for possession during the redemption period under MCL 600.3238. The current action, Case No. 26-02183-LT, is set for a pretrial conference on November 9, 2026, after an interior inspection under a stipulated order entered October 20, 2026. Exhibit F. Ms. Thimm filed this action on October 8, 2026.

## ARGUMENT

The motion turns on two questions. The first is whether Ms. Thimm has made the clear showing of irregularity that permits an equitable extension. The second is whether the MCR 3.310 factors support interim relief before the statute extinguishes her interest. Both favor relief.

A party seeking a preliminary injunction must show (1) a likelihood of success on the merits, (2) irreparable harm without relief, (3) that the harm to the applicant without relief outweighs the harm to the opposing party from relief, and (4) that the public interest is not harmed. *Detroit Fire Fighters Ass'n, IAFF Local 344 v Detroit*, 482 Mich 18, 34; 753 NW2d 579 (2008). A temporary restraining order may issue without notice only if specific facts in an affidavit or verified complaint show immediate and irreparable injury from the delay required to give notice, and counsel certifies the efforts made to give notice and the reasons notice should not be required. FRCP 65(b).

### 1. Michigan law permits an equitable extension of the redemption period on a clear showing of irregularity.

The right of redemption is statutory, and courts strictly enforce it. *Senters v Ottawa Savings Bank, FSB*, 443 Mich 45, 55-56; 503 NW2d 639 (1993). Equity nonetheless reaches a statutory foreclosure in cases of fraud, accident, or mistake, and the Court of Appeals has long recognized an equitable extension of the

redemption period on "a clear showing of fraud, or irregularity." *Schulthies*, 16 Mich App at 247-248. The Court of Appeals recently reaffirmed that rule in a case involving the same purchaser. *Great Lakes Prop Mgt Consultants, Inc v HP Foreclosure Solution, LLC*, ___ Mich App ___; ___ NW3d ___ (2023) (Docket No. 363746), slip op at 11. The irregularity must relate to the foreclosure procedure itself. *Freeman v Wozniak*, 241 Mich App 633, 637-638; 617 NW2d 46 (2000). A defect renders the sale voidable, and the mortgagor must show prejudice, meaning that she "would have been in a better position to preserve [her] interest in the property absent defendant's noncompliance with the statute." *Kim*, 493 Mich at 115-116.

The timing of this motion matters. Once the period lapses, the mortgagor's interest is extinguished and she must meet a "high standard" to unwind the sale. *Conlin v Mortgage Electronic Registration Sys, Inc*, 714 F3d 355, 359-360 (CA 6, 2013). Federal courts applying Michigan law have extended the period while a timely suit is pending, precisely so the court can decide the claims while relief remains possible. *El-Seblani v IndyMac Mortgage Servs*, 510 F Appx 425, 428-429 (CA 6, 2013); *Powers v Bank of America, NA*, unpublished opinion and order of the United States District Court for the Eastern District of Michigan, issued November 26, 2014 (Case No. 14-14335), pp 7-11 (Exhibit G). In *Powers*, the court denied a TRO against eviction but extended the redemption period "until

further notice of this Court" because the complaint raised serious questions about the foreclosure. *Id.* at 10-11. Ms. Thimm asks for the same narrow remedy, before the deadline rather than after it.

**2. The unpublished seven-month adjournment is an irregularity in the foreclosure procedure itself.**

MCL 600.3220 permits the sheriff to adjourn a sale by posting a notice, but "if any adjournment be for more than 1 week at one time, the notice thereof, appended to the original notice of sale, shall also be published in the newspaper in which the original notice was published, the first publication to be within 10 days of the date from which the sale was adjourned and thereafter once in each full secular week during the time for which such sale shall be adjourned."

The deed recites a single adjournment from October 7, 2025 to May 26, 2026. Exhibit A. That is 231 days. The recorded affidavits establish publication of the September 9, 2025 notice and nothing more. Exhibit A. Freedom, not Ms. Thimm, controlled the adjournments and the publication. Verified Complaint ¶¶ 78-82. A failure to publish the notice that tells the public and the homeowner when the sale will occur is not a defect in the underlying loan. It goes to the sale itself, which is the line *Freeman* draws. 241 Mich App at 637-638.

Freedom's conduct compounds the defect. Federal servicing rules bar a servicer from conducting a sale after a borrower submits a complete loss mitigation

application more than 37 days before the sale, unless the servicer has issued a denial and any appeal has run, the borrower has rejected all options, or the borrower has failed to perform. 12 CFR 1024.41(g). Once an application is facially complete, the servicer that later asks for more information must treat it as complete for purposes of subrule (g) until the borrower has a reasonable opportunity to supply it. 12 CFR 1024.41(c)(2)(iv). Freedom called the application complete on April 13, 2026, 43 days before the sale, asked for more documents on May 7, received them on May 13, and sold the home on May 26 after closing the review by a letter Ms. Thimm did not receive. Verified Complaint ¶¶ 53-66. Plaintiff relies on these facts to show the irregularity and prejudice in the sale, not to enforce the regulation in this motion.

**3. Ms. Thimm was prejudiced because she would have been in a better position to protect her home.**

*Kim* asks whether the mortgagor would have been in a better position to preserve her interest absent the noncompliance. 493 Mich at 115-116. The record answers that question. Freedom told Ms. Thimm the sale was on hold. Verified Complaint ¶¶ 53-54. When she learned on May 13 that a date had been set, she submitted the requested documents the same day, and Freedom confirmed it was reviewing them. Exhibit H. The sheriff's office reported no sale date one week before the sale. Freedom then closed the review without notice she received and

sold the home seven days later. Verified Complaint ¶¶ 64-66. No adjournment notice was published. Exhibit A. Ms. Thimm had counsel actively engaged with Freedom, and counsel had obtained an adjournment of the March 17 sale within a day of learning of it. Verified Complaint ¶¶ 44-46. With accurate notice, she would have been able to move for a TRO before the sale, or tendered reinstatement of approximately $81,945 using money in her retirement account. The unpublished adjournment and the undisclosed end of the hold deprived her of that opportunity. Verified Complaint ¶¶ 96-98.

**4. The remaining factors favor a short, conditioned extension.**

**Irreparable harm.** The harm here is not economic. On November 26, 2026, title to Ms. Thimm's home vests in HP by operation of MCL 600.3236, and her standing to challenge the sale comes into question. *Bryan*, 304 Mich App at 713-715. Michigan policy preserves the mortgagor's possession and benefits until the redemption period expires. *Massachusetts Mut Life Ins Co v Sutton*, 278 Mich 457, 461; 270 NW 748 (1936). Without an extension, this Court may lose the ability to grant the relief the Verified Complaint seeks.

**Balance of harms.** An extension delays HP's title. It does not take HP's money. Plaintiff proposes monthly escrow deposits equal to the $28.64 per diem, proof of insurance, and payment of taxes, which keeps the redemption amount whole and protects the Property during the extension. HP's possession action in the

44th District Court continues, and Plaintiff does not ask this Court to stay it.

**Public interest.** The public interest favors strict compliance with the notice requirements of the foreclosure statute, which protect both homeowners and bidders. A brief extension that lets the Court decide whether those requirements were met serves that interest. It does not undermine the finality of sales that complied with the statute.

**5. An interim order without a full hearing is warranted, and HP should be summoned.**

The redemption deadline is fixed by statute and will pass without any act by Freedom or HP. The proposed order preserves the status quo only. It sets a show cause hearing at the earliest possible time, expires within 14 days unless extended, and permits a motion to dissolve on 24 hours' notice. FRCP 65(b). Plaintiff's counsel has certified the efforts made to notify Freedom and HP. FRCP 65(b).

HP holds the sheriff's deed. An order extending the redemption period affects its interest, and a restraining order binds only parties and those in active concert with them who receive actual notice. FRCP 65(d)(2). HP's presence is therefore essential to complete relief, and the Court "shall order [it] summoned to appear in the action." MCR 2.205(B). Plaintiff will serve HP and its counsel with the motion, the order, and the Verified Complaint immediately on entry.

## CONCLUSION

Ms. Thimm respectfully requests that the Court enter the proposed Ex Parte Temporary Restraining Order and Order to Show Cause tolling the redemption period so that it does not expire on November 26, 2026; set a show cause hearing before November 25, 2026; after hearing, extend the redemption period until 30 days after a final order on Counts I and III, conditioned on the escrow and security terms the Court finds just; order HP Foreclosure Solution, LLC summoned under MCR 2.205(B); and grant such other relief as this Court deems just and equitable.

Respectfully Submitted,

SOBLE PLC

/s/ George T. Blackmore

By: George T. Blackmore (P76942)
SOBLE PLC
31800 Northwestern Hwy, Ste 350
Farmington Hills, MI 48334
Phone: (888) 789-1715
dsoble@provenresource.com
*Counsel for Plaintiff*

Dated: November 25, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THERESA THIMM,<br><br>Plaintiff,<br><br>v.<br><br>FREEDOM MORTGAGE CORPORATION,<br><br>Defendant.<br>_________________________________/ | Case No. 2:26-cv-14462-MFL-DRG<br><br>Hon. Matthew F. Leitman<br><br>Magistrate Judge David R. Grand |

**ATTORNEY CERTIFICATION UNDER FRCP 65(b) OF EFFORTS TO GIVE NOTICE AND REASONS SUPPORTING AN INTERIM ORDER WITHOUT A FULL HEARING**

I, George T. Blackmore, am an attorney of record for Plaintiff Theresa Thimm. I certify the following under FRCP 65(b).

1. **Efforts to give notice to Freedom.** On November 25, 2026 at 12:10 p.m., I spoke with Freedom's counsel, Joel F. Bornkamp, who had previously received Plaintiff's state court *ex parte* emergency motion. Mr. Bornkamp indicated he would object to entry.

2. **Efforts to give notice to HP.** On November 25, 2026 at 1:04 p.m., I called Adam J. Devlin (P72877), Devlin Law, PLLC, 30850 Telegraph Rd, Suite 250, Bingham Farms, MI 48025, (248) 703-6201, counsel for HP Foreclosure Solution, LLC in 44th District Court Case No. 26-02183-LT, who was previously

provided Plaintiff's state court ex parte emergency motion via email informing him of the removal to state court and that this motion was being filed.

3. **Reasons supporting an interim order before a full hearing.** The redemption period expires by operation of law at the end of November 26, 2026, a public holiday. No act by Freedom or HP is required for the Sheriff's Deed to become operative. If the period lapses before the Court rules, Plaintiff's interest in her home is extinguished and the Court may lose the ability to grant complete relief. The proposed order preserves the status quo, sets a hearing at the earliest possible time, and allows Freedom and HP to move to dissolve on 24 hours' notice.

4. Plaintiff does not ask the Court to proceed without notice to avoid a response. Plaintiff has given, or will give before presentment, actual notice to Freedom and HP, and asks the Court to hear them at the earliest possible time.

5. No nonwritten evidence or argument has been presented in support of this application. If any is presented, Plaintiff requests that a record be made under FRCP 65(b).

6. This matter was scheduled for a hearing in Oakland County Circuit Court before the Honorable Nanci Grant on November 25, 2026, at 9:50 a.m. That hearing did not go forward due to Defendant's removal of this action on November 24, 2026.

I declare under the penalties of perjury that this certification has been

examined by me and that its contents are true to the best of my information, knowledge, and belief.

Respectfully Submitted,

SOBLE PLC

/s/ George T. Blackmore
George T. Blackmore (P76942)
*Counsel for Plaintiff*

Dated: November 11, 2026