UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA THIMM,

Plaintiff,

v.

FREEDOM MORTGAGE CORPORATION,

Defendant.
_________________________________/

Case No. 2:26-cv-14462-MFL-DRG

Hon. Matthew F. Leitman

Magistrate Judge David R. Grand

# [PROPOSED] ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER, TOLLING AND EXTENDING THE STATUTORY REDEMPTION PERIOD, AND SETTING AN EXPEDITED HEARING ON PRELIMINARY INJUNCTIVE RELIEF

This matter having come before the Court upon Plaintiff Theresa Thimm's Emergency Motion for Temporary Restraining Order to Toll and Extend the Statutory Redemption Period pursuant to Fed. R. Civ. P. 65 and E.D. Mich. LR 65.1; the Court having reviewed Plaintiff's Verified Complaint, Motion, Brief in Support, and supporting evidence; Defendant having received notice of the requested relief and an opportunity to be heard; and the Court being otherwise fully advised in the premises;

**THE COURT FINDS THAT:**

Plaintiff commenced this action before expiration of the statutory redemption period applicable to the real property commonly known as 229 S.

Edgeworth Avenue, Royal Oak, Michigan 48067 (the "Property").

The Property was sold at a sheriff's sale on May 26, 2026, as evidenced by the Sheriff's Deed on Mortgage Sale recorded with the Oakland County Register of Deeds on June 16, 2026, at Liber 61292, Page 668, Document No. 20260085350. The statutory redemption period identified in the recorded foreclosure documents is scheduled to expire on November 26, 2026.

Plaintiff has demonstrated a sufficient likelihood of success on the merits of her claim that irregularities occurred in the foreclosure proceedings, including alleged noncompliance with the statutory notice requirements governing adjournments of foreclosure sales and Defendant's representations and conduct concerning the suspension of the foreclosure proceedings during its review of Plaintiff's loss mitigation application.

Plaintiff has demonstrated that she will suffer immediate and irreparable injury absent temporary relief because expiration of the statutory redemption period will extinguish her existing interest in the Property, materially alter her substantive rights, and subject her challenge to the foreclosure sale to a heightened legal standard. Such injury cannot be adequately remedied through an award of monetary damages.

The balance of equities favors a limited extension of the statutory redemption period to preserve the status quo pending an expedited hearing, subject

to reasonable conditions protecting the financial and property interests affected by the extension.

The public interest favors compliance with statutory foreclosure procedures and the preservation of meaningful judicial review of alleged irregularities in those proceedings.

Michigan law recognizes the availability of an equitable extension of the statutory redemption period upon an adequate showing of fraud or irregularity in the foreclosure proceedings. *Schulthies v. Barron*, 16 Mich. App. 246, 247–48 (1969); *Powers v. Bank of America, N.A.*, 63 F. Supp. 3d 747 (E.D. Mich. 2014).

The limited relief granted herein is necessary to preserve Plaintiff's statutory redemption rights pending further proceedings and does not constitute a final adjudication of the validity of the foreclosure sale or the merits of Plaintiff's claims.

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Emergency Motion for Temporary Restraining Order is GRANTED to the extent set forth herein.

2. Subject to the security requirements set forth below, the statutory redemption period applicable to the Property arising from the May 26, 2026 sheriff's sale is hereby TOLLED AND EXTENDED for the duration of this Order. The statutory redemption period shall not expire on November 26, 2026, and

Plaintiff's statutory right to redeem the Property shall be preserved during the pendency of this Order.

3. During the pendency of this Order, Defendant Freedom Mortgage Corporation, its officers, agents, servants, employees, attorneys, and other persons acting in active concert or participation with any of them who receive actual notice of this Order, as provided under Fed. R. Civ. P. 65(d)(2), are temporarily restrained and enjoined from:

a. Representing that Plaintiff's statutory redemption rights have expired based upon the passage of the November 26, 2026 redemption deadline;

b. Executing, delivering, or recording any instrument purporting to extinguish Plaintiff's redemption rights on the basis that the November 26, 2026 redemption deadline has passed; and

c. Refusing to recognize or process an otherwise lawful redemption of the Property, to the extent within their authority, solely on the basis that the original statutory redemption deadline has passed.

4. Plaintiff shall maintain adequate property insurance, remain responsible for applicable real property taxes, and refrain from committing waste or materially impairing the value of the Property during the pendency of this Order.

5. HP Foreclosure Solution, LLC, as the purchaser at the sheriff's sale,

claims an interest in the Property that may be directly affected by the requested relief. Plaintiff shall immediately serve HP Foreclosure Solution, LLC and its known counsel with copies of this Order, the Verified Complaint, the Emergency Motion, and all supporting papers. The Court reserves determination of HP Foreclosure Solution, LLC's joinder under Fed. R. Civ. P. 19 and 21, including any resulting implications for the Court's subject-matter jurisdiction, pending expedited consideration of that issue.

6. An expedited hearing on Plaintiff's request for preliminary injunctive relief and further equitable extension of the statutory redemption period shall be conducted on __________________ at ____________. The parties shall be prepared to address the merits of the requested relief, joinder of HP Foreclosure Solution, LLC, and any appropriate additional conditions or security.

7. Defendant shall file any response to Plaintiff's request for preliminary injunctive relief on or before __________________. Plaintiff may file a reply on or before __________________.

8. This Order shall expire fourteen (14) days after its entry, at ____________ on __________________, unless earlier modified or dissolved by the Court or extended in accordance with Fed. R. Civ. P. 65.

9. Nothing in this Order shall constitute a final determination concerning the validity of the foreclosure sale, the Sheriff's Deed, ownership of the Property,

the amount necessary to redeem the Property, or the ultimate merits of any claim or defense asserted in this action.

10. Plaintiff's counsel shall immediately transmit a copy of this Order to Defendant's counsel, HP Foreclosure Solution, LLC, and its known counsel, and shall promptly file proof of such service with this Court.

11. The Court retains jurisdiction to enforce, modify, extend, or dissolve this Order and to determine Plaintiff's entitlement to further relief.

IT IS SO ORDERED.